UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TYLER OBRIEN JOHNSON,

        Plaintiff,                   Case No. 1:12-cv-486

v.                                             Honorable Paul L. Maloney

DANIEL H. HEYNS et al.,

        Defendants.

                                        /

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Heyns, Curtin, Kowniski, and Holden. The Court will serve the complaint against Defendants Schiebner, Duby and Schreiber.

**Discussion**

    I.        Factual allegations

Plaintiff Tyler Obrien Johnson presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Correctional Facility (ECF). He sues MDOC Director Daniel Heyns and the following ECF employees: Warden Cindi Curtin, Captain (unknown) Kowniski, Lieutenant T. Holden, Inspector (unknown) Schiebner, Chaplain P. Duby, and Security Threat Group (STG) Coordinator Sergeant (unknown) Schreiber.

Plaintiff complains that, on December 16, 2011, Defendant Schreiber conducted a search of Plaintiff's cell. During the search, Schreiber confiscated 198 pages of documents about Plaintiff's Mexica-Aztec religion, including prayers, creation myths, and depictions of gods and goddesses. Schreiber told Plaintiff that he was taking the materials for inspection, and he provided a contraband removal form. On January 9, 2012, Plaintiff was called to Defendant Schreiber's office. Schreiber informed Plaintiff that he was not returning 98 pages of the documents because they were deemed to be STG materials. Plaintiff attempted to explain the material's religious nature, but Schreiber told Plaintiff that he did not care.

Plaintiff filed a grievance on January 10, 2012, complaining that the confiscation of the material violated his religious rights. On January 16, 2012, Defendant Holden called Plaintiff to be heard on his Step I grievance. Holden told Plaintiff that he knew nothing about "Mexica," but that it was listed as an STG. (Compl., docket #1, Page ID#5.) He asked Plaintiff to sign off on the grievance, but Plaintiff refused. Holden wrote on the form that Plaintiff admitted being a member of a confirmed STG. Defendant Kowniski signed his name as the Step I grievance reviewer,

denying the grievance. Defendant Curtin denied the grievance at Step II on February 23, 2012. (*See* Ex. M to Compl., Page ID#30.) The grievance was denied at Step III on March 18, 2012.

On January 18, 2012, Defendant Schiebner conducted a hearing on the contraband materials. Schiebner upheld the confiscation of 98 pages of material, concluding that they were clearly related to the STG group Mexica and that, under MICH. DEP'T OF CORR., Policy Directive 04.04.113, prisoners were barred from possessing materials related to STGs. (Compl., Page ID#6; Ex. H to Compl., Page ID#19.) Schiebner ordered the materials destroyed under MICH. DEP'T OF CORR., Policy Directive 04.07.112 ¶KK(4). (*Id.*)

On January 23, 2012, Defendant Duby informed Plaintiff and the other members of the Native American Traditional Way services that they would no longer be permitted to conduct their prayer circle using the Nahuatl language and in the Mexica-Aztec custom. Plaintiff sent a letter to Duby asking for an explanation for the religious restriction. Duby did not reply.

Plaintiff claims that his First Amendment right to the free exercise of his religion was violated by the taking of his religious materials and the denial of his ability to practice the religion in accordance with established religious custom. He seeks a variety of injunctive and declaratory relief, including the following: an injunction removing Mexica, Aztlan and La Raza from the STG classification (*see* Ex. G to Compl., Page ID#18 (listing recognized MDOC STGs, including "Aztlan/La Raza/Mexic/Mexicanemi")); the right to practice the Mexica-Aztec religion; the return of his religious materials; and the removal of all references to his faith from his STG file and prison record. He also seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).  Plaintiff fails to even to mention Defendant Heyns in the body of his complaint. His allegations against Defendant Heyns therefore fall far short of the minimal pleading standards

under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff also fails to make specific factual allegations against Defendants Curtin, Kowniski and Holden, other than to allege that they denied his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Curtin, Kowniski and Holden engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

The Court concludes that Plaintiff's allegations against Defendants Schneider, Scheibner and Duby are sufficient to warrant service of the complaint.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Heyns, Curtin, Kowniski and Holden will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Schneider, Scheibner and Duby.

An Order consistent with this Opinion will be entered.


Dated:   July 2, 2012                           /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                Chief United States District Judge