UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TYLER O'BRIEN JOHNSON, # 477544, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-486 |
| | ) |
| v. | ) Honorable Paul L. Maloney |
| | ) |
| INSPECTOR SCHIEBNER, et al., | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff is an inmate at the Bellamy Creek Correctional Facility (IBC). This lawsuit arises out of his confinement at the Oaks Correctional Facility (ECF). The defendants are Sergeant Paul Schreiber, Inspector James Schiebner, and Chaplain Paul Duby. Plaintiff alleges that on December 16, 2011, Sergeant Schreiber conducted a search of his prison cell and seized various documents. With the exception of 98 pages, all of the documents were returned to plaintiff. On January 18, 2012, Inspector James Schiebner conducted an administrative hearing and found that the 98 pages in question constituted security threat group (STG) materials and that plaintiff would not be permitted to possess these contraband items. Plaintiff alleges that the withheld documents were religious materials and that defendants' actions violated his First Amendment rights. Further, plaintiff alleges that Chaplain Duby violated his First Amendment rights on January 23, 2012, when he informed plaintiff that members of the Native American Traditional Way would not be permitted to conduct their prayer circle using the Nahuatl language. All other claims were dismissed on July

2, 2012. (docket #s 4, 5). Plaintiff sues defendants in their individual and official capacities and seeks declaratory and injunctive relief and damages.

The matter is now before the court on defendants' motion for partial summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (docket # 12). Plaintiff has filed his response. (docket #s 17, 21). For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted and that all plaintiff's claims against defendants be dismissed without prejudice, with the exception of the First Amendment claim against Sergeant Paul Schreiber based on his withholding of 98 pages of documents which plaintiff exhausted through the MDOC's grievance process.

## Applicable Standards

### A. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the

plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); see *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

  **B.**  **Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. In *Jones v. Bock*, the Supreme Court held that

exhaustion is an affirmative defense, and prisoners "are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. *Surles*, 678 F.3d at 455-56. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 674 (6th Cir. 2009); *see also Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. 548 U.S. at 90-93; *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the state declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 ¶ R (effective 07/09/2007)[1] requires that the prisoner name within the body of his grievance the person whose conduct is challenged. In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the prisoner's grievance. The following is an overview of the grievance process. Inmates must first "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his or her control." *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted resolution. *Id.* The inmate submits the grievance to a designated grievance coordinator, who determines whether it should be rejected under MDOC policy or assigns it to a respondent. *Id.* at ¶¶ W, X. Prisoners are required to use "a Prisoner/Parolee Grievance (CSJ 247A) [form] to file a Step I grievance." *Id.* at ¶ R. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The warden is generally the Step II respondent. *Id.* at ¶ DD. If the inmate is dissatisfied with

---

[1] Copies of Policy Directive 03.02.130 are found in the record. *See* docket # 13-2, ID#s 142-48; docket # 21-1, ID#s 191-97.

the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. An argument that it would have been futile to file a grievance does not suffice. *See Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Jones v. Douglas*, 108 F. App'x 254, 256 (6th Cir. 2004).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is currently an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. Defendants are MDOC employees at ECF.

Grievance No. ECF 2012-01-176-19a against Sergeant Schreiber is the only grievance that plaintiff filed and pursued through a Step III decision before filing this lawsuit. The grievance is set forth verbatim below:

> 1-10-12 STG Sarge Schreiber denied to give me 98 pages of my Religious documents - (prayers, cosmic creation myth, Goddess depiction, Spanish categorization of mixed native blood, etc.) Justifying this ignorant prejudiced action by saying to quote, "Associated with the STG group (Mexica)" <u>Fact</u> – Mexica is the root indigenous name of Mexican. Mexica is not a criminal gang or security threat group, but is a Native American/Native MesoAmerican people with the "Mexica - Aztec - Religion" known and practiced in the U.S. society, in several state prison systems, in the Federal prison system, same in Mexico, as well as studied in both countries' universities. There are various ethnic and traditional native religious + cultural beliefs under the Native American Traditional Way. Mexica is one of them, Aztec - Mexica are indigenous to America - Texas, New Mexico, Arizona, etc., and Mexico. I have <u>and am</u> clearly being discriminated against by MDOC, ECF - STG Sargeant Schreiber because of my religious beliefs. Schreiber is a racist and prejudiced and violating my First and 8th Amendment rights and MDOC policies. I want my documents back, them taken off MDOC records – off my STG file, transferred from ECF for retaliation and corrupt actions.

(docket # 13-4, ID# 157).

The Step I grievance response stated: "Prisoner Johnson admits to belonging to a group that has been identified and recognized as a Security Threat Group. Johnson also admits the confiscated property relates to this group. Johnson will have a hearing on the confiscated STG literature." (docket # 13-4, ID# 158). Plaintiff pursued unsuccessful Step II and Step III grievance appeals. (docket # 13-4, ID# 154-57).

On January 18, 2012, Inspector James Schiebner conducted an administrative hearing and found that the confiscated materials were contraband:

> The 98 pieces of paper are clearly related to the STG group "Mexica" and are not allowed to be possessed by prisoners. Possession of gang related materials is in violation of PD 04. 04.113 "Security Threat Groups." These items pose a threat to the security of the institution and are considered contraband per PD 04.07.112 "Prisoner Property."

(docket # 19-2, ID# 182). The contraband items were "to be destroyed per PD 04.07.112 section KK(4)." (docket # 19-2, ID# 182).

Chaplain Paul Duby and Inspector James Schiebner are not named in any grievance that plaintiff filed and pursued through a Step III decision before filing this lawsuit. (docket # 13-3, ID#s 151-52).

**Discussion**

Defendants have raised the affirmative defense of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff invokes paragraph F(2) of Policy Directive 03.02.130 and argues that he could not file a grievance against Inspector Schiebner challenging his January 18, 2012 decision because it was a "non-grievable" issue. Plaintiff's argument is patently meritless. The provisions of paragraph F(2) apply only to "Decisions made in hearing conducted by hearing officers of the State Office of Administrative Hearings and Rules . . . ." *See* P.D. 03.02.130(F)(2). Such hearing officers are licensed attorneys and entitled to absolute judicial immunity for their decisions. *See Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988); *see also Reynolds-Bey v. Harris*, 428 F. App'x 493, 498-99 (6th Cir. 2011); *Palmer v. Aikens*, No. 2:12-cv-309, 2013 WL 164217, at * 2 (W.D. Mich. Jan. 15, 2013); *Payne v. Heyns*, No. 2:12-cv-312, 2012 WL 5182800, at * 2 (W.D. Mich. Oct. 18, 2012); MICH. COMP LAWS §§ 791.251-.255. By contrast, Inspector Schiebner is a member of the prison's staff who conducted a routine contraband removal hearing pursuant to a notice of intent (NOI). *See* e.g., *Taylor v. Williams*, No. 1:12-cv-281, 2012 WL 6201208, at * 2-3

(W.D. Mich. Dec. 12, 2012); *Cromer v. Chaney*, No. 4:06-cv-136, 2009 WL 3011213 (W.D. Mich. Sept. 16, 2009). Inspector Schiebner's decision was subject to review through the MDOC's grievance process.[2] (Russell Aff. ¶¶ 4, 9, 10, docket # 19-2, ID#s 180-81). Plaintiff has not exhausted his administrative remedies on any claim against Inspector Schiebner

Plaintiff's claim against Chaplain Duby fares no better. Plaintiff argues that he was not required to file a grievance against Chaplain Duby because such a grievance could have been rejected as "duplicative," and there was a possibility that a grievance restriction could have been imposed. (Plf. Brief at 6-7, ID#s 170-71) (citing P.D. 03.02.130(G), (HH)). It is extraordinarily unlikely that a grievance against Chaplain Duby corresponding to the claim plaintiff is asserting in this lawsuit would have been rejected as "duplicative" of his grievance against Sergeant Schreiber. If it had been rejected at Step I of the MDOC's grievance process, plaintiff could have readily explained in his appeals at the Step II and Step III levels how this grievance involved a different individual's actions on a different date and a different component of plaintiff's exercise of his religious beliefs. (P.D. 03.02.130(I)). It was even less likely that a grievance restriction would have been imposed. However, even assuming that such a restriction had been imposed, the restriction would have been temporary and plaintiff would have retained access to the grievance process. (*Id.* at ¶¶ HH, KK). Plaintiff did not exhaust his administrative remedies on any claim against Chaplain Duby.

---

[2] Plaintiff asks the court to "dispose of" Mr. Russell's affidavit and defendants' reply brief "because these documents hold No Merit." (docket # 21 at ID# 187). I find no basis for disregarding defendants' reply brief and exhibits. If anything, plaintiff's sur-reply brief should be disregarded because he filed it without first obtaining the necessary leave of court. *See* W.D. MICH. LCIVR 7.2(c); *see also Manley v. McComb*, No. 1:11-cv-149, 2012 WL 967091, at * 2 n.1 (W.D. Mich. Feb. 21, 2012). Plaintiff's procedural error has been overlooked, and all the briefs and exhibits filed by the parties are considered herein.

I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of all of plaintiff's claims with the exception of plaintiff's First Amendment claim against Sergeant Paul Schreiber.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 12) be granted and that all plaintiff's claims against defendants be dismissed without prejudice, with the exception of plaintiff's exhausted First Amendment claim against Sergeant Paul Schreiber.

Dated:  February 13, 2013          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).